IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JEFFERSON, | No. CIV.S-05-0657 DAD |
| Plaintiff, | |
| v. | ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and/or remand and defendant's cross-motion for summary judgment. For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

**PROCEDURAL BACKGROUND**

Plaintiff Edward J. Jefferson applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"). (Transcript (Tr.) at 50-53.) The Commissioner denied

1

plaintiff's application initially and on reconsideration.  (Tr. at 38-41, 43-46.)  Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on July 15, 2004, at which time plaintiff was represented by counsel.  (Tr. at 238-90.)  In a decision issued on December 6, 2004, the ALJ determined that plaintiff was not disabled.  (Tr. at 8-20.)  The ALJ entered the following findings:

> 1. The claimant, born in July 1948 (present age 56), has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 2. The claimant's arthritis of the feet and personality disorder NOS are considered "severe" based on the requirements in the Regulations 20 CFR § 416.920(b).
>
> 3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 4. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 5. The claimant has the following residual functional capacity: lift 45 pounds occasionally and 25 pounds frequently, walk/stand six hours, sit six hours, alternate between sitting and standing periodically, occasionally perform postural activities; mentally the claimant is not significantly limited in his ability to follow even detailed and complex instructions, to relate and interact with supervisors, co-workers and the public, to maintain concentration and attention, persistence and pace, to follow a

2

|   |    |    |
|---|----|----|
|   |    | day-to-day work routine, and to adapt to stresses common to a normal work environment. |
|   | 6. | The claimant's past relevant work as telemarketer did not require the performance of work-related activities precluded by his residual functional capacity (20 CFR § 416.965). |
|   | 7. | The claimant's medically determinable arthritis of the feet and personality disorder NOS do not prevent the claimant from performing his past relevant work. |
|   | 8. | The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR § 416.920(f)). |

(Tr. at 19-20.) The Appeals Council declined review of the ALJ's decision on January 28, 2005. (Tr. at 4-6.) Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on April 4, 2005.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993,

3

995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt.

/////

4

>     P, App. 1?  If so, the claimant is conclusively
>     presumed disabled.  If not, proceed to step four.
>
>     Step four: Is the claimant capable of performing
>     his past work?  If so, the claimant is not
>     disabled.  If not, proceed to step five.
>
>     Step five: Does the claimant have the residual
>     functional capacity to perform any other work?
>     If so, the claimant is not disabled.  If not, the
>     claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff advances three arguments in his motion.  First, plaintiff contends that the ALJ erred in his assessment of the opinion of plaintiff's treating physician.  Second, plaintiff argues that the ALJ erroneously rejected plaintiff's testimony regarding the severity of his symptoms and the resulting limitations those symptoms place upon him.  Third, plaintiff maintains that the ALJ should have heard testimony from a vocational expert at the administrative hearing.  The court addresses plaintiff's arguments below.

Beginning with plaintiff's argument regarding his treating physician's opinion, it is well-established that the medical opinion of a treating physician is entitled to special weight.  See Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989); Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988).  "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of

doctors who do not treat the claimant." Lester, 81 F.3d at 830 (citing Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987)).  "At least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons."  Id. (citing Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991)).  "Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing."  Id. (citing Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)).

      Plaintiff argues that the ALJ erred in his assessment of the opinion of Patricia D. Will, M.D., plaintiff's treating physician, as to plaintiff's mental functional limitations.  Dr. Will opined that plaintiff had a number of extreme limitations in his abilities to carry out work-related mental activities.  (Tr. at 168-70.)  However, while plaintiff obviously disagrees with the ALJ's interpretation of the evidence in this regard, it is not the court's role to second-guess that interpretation.  Fair, 885 F.2d at 604.  In rejecting Dr. Will's opinion, the ALJ accurately explained in his decision that the opinion of Dr. Will, who is not a psychiatrist and did not perform a mental status examination of plaintiff, is inconsistent with the opinion of Bradley Daigle, M.D. (Tr. at 157-64), an examining psychiatrist who found plaintiff to suffer from no significant mental limitations of any kind.  See 20 C.F.R. § 416.927(d)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of

6

specialty than to the opinion of a source who is not a specialist"); see also Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995)("Where the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence[.]").  The ALJ also explained that Dr. Will's opinion was inconsistent with the opinions of examining psychologist Frank D. Weber, Ph.D. (Tr. at 187-95) and the nonexamining state agency physician (Tr. at 124-41), physicians who found plaintiff to exhibit some mental limitations but not nearly as many severe limitations as assessed by Dr. Will.  The ALJ further explained, among other things, that the record contained "no evidence of treatment by mental health professionals, hospitalizations, or crisis center contacts."  (Tr. at 14.)  The court recognizes that "'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'"  Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996)(quoting Blankenship v. Bowen, 874 F.2d 1116, 1124 (6th Cir. 1989)).  However, it is reasonable to infer that if plaintiff's mental impairment was so severe as to be debilitating, plaintiff's treating physicians would have referred plaintiff for psychotherapy, medication management by a psychiatrist, or some other form of treatment.

     For these reasons, the court finds that the ALJ sufficiently stated specific and legitimate reasons supported by substantial evidence in the record for not fully crediting the

7

opinion of plaintiff's treating physician, Dr. Will.  See Lester, 81 F.3d at 830-31.  Plaintiff's argument to the contrary is unpersuasive.

With respect to plaintiff's credibility argument, it is well-established that the determination of credibility is a function of the ALJ, acting on behalf of the Commissioner.  See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  An ALJ's assessment of credibility should, in general, be given great weight.  Nyman v. Heckler, 779 F.2d 528, 530-31 (9th Cir. 1985).  Thus, questions of credibility and resolution of conflicts in the testimony are functions solely of the Commissioner.  Morgan, 169 F.3d at 599.  In evaluating a claimant's subjective testimony regarding pain and the severity of his or her symptoms an ALJ may consider the presence or absence of supporting objective medical evidence along with other factors.  See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991). Ordinary techniques of credibility evaluation may be employed, and the adjudicator may take into account prior inconsistent statements or a lack of candor by the witness.  See Fair, 885 F.2d at 604 n.5.

Nonetheless, an ALJ's rejection of a claimant's testimony must be supported by specific findings.  Morgan, 169 F.3d at 599; Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir. 1993)(citing Miller, 770 F.2d at 848).  Once a claimant has presented evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of his or her symptoms merely because the testimony is unsupported by objective medical evidence.  Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Light v. Chater, 119

F.3d 789, 792 (9th Cir. 1997). Rather, "the ALJ can reject the claimant's testimony about the severity of [his or] her symptoms only by offering specific, clear and convincing reasons for doing so." Light, 119 F.3d at 792. See also Reddick, 157 F.3d at 722.

Here, plaintiff's medical records document conditions which might reasonably be expected to cause the symptoms alleged by plaintiff. However, while plaintiff asserts that he is totally unable to work due to the severity of his symptoms stemming from his foot impairment and non-specific personality disorder, the ALJ made specific and detailed findings in not fully crediting plaintiff's testimony in this regard. The ALJ evaluated plaintiff's subjective complaints regarding his physical and mental condition at considerable length. (Tr. at 15-18.) The ALJ cited numerous specific reasons for not fully crediting plaintiff's testimony including, but not limited to, the extent of plaintiff's daily activities as reported by plaintiff directly and through various physicians. (See, e.g., Tr. at 159, 174-75, 188, 250-51, 262-68.)[1] See Fair, 885 F.2d at 603 ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits .... Yet if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that *are* transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling

---

[1] These daily activities include playing the drums, providing free musical lessons, using public transportation, food shopping, meal preparation and routine house work. (Tr. at 16-17.)

9

excess pain."); see also Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990)(finding that the ability to take care of personal needs, prepare easy meals, do light housework, and shop for groceries as inconsistent with presence of condition which would preclude all work). The ALJ also relied upon the opinions of various nonexamining (Tr. at 124-41) and examining physicians (Tr. at 147-56, 157-66, 187-95) which do not support the extreme extent of the physical and mental limitations from which plaintiff claims to suffer.

In his lengthy discussion of plaintiff's subjective complaints, the ALJ fairly characterized the record and sufficiently stated specific, clear and convincing reasons for not fully crediting plaintiff's testimony regarding the severity of his symptoms. See Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998). Therefore, plaintiff's argument to the contrary must be rejected.

Plaintiff's remaining argument is that the ALJ should have taken testimony from a vocational expert at the administrative hearing. However, the issue of whether vocational expert testimony is necessary does not normally arise until step five of the sequential analysis.[2] Here, the ALJ determined that plaintiff could return to his past relevant work as a telemarketer based upon

---

[2] Specifically, at step five the Commissioner can satisfy the burden of showing that the claimant can perform other types of work in the national economy, given the claimant's age, education, and work experience, by either: (1) applying the medical-vocational guidelines ("grids") in appropriate circumstances; or (2) taking the testimony of a vocational expert. See Polny v. Bowen, 864 F.2d 661, 663 (9th Cir. 1988); Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988) (citing Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring)).

10

plaintiff's own description of the requirements of that job as performed by him. (Tr. at 19, 58-59.) As a result, the ALJ appropriately found plaintiff not disabled and ended the inquiry at step four of the sequential evaluation. Under these circumstances, testimony from a vocational expert was not required. See Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (where ALJ determined that plaintiff's impairment did not prevent him from performing his past relevant work except for forest fire fighting and that he therefore was not disabled, a vocational expert was not required). Further, plaintiff's argument regarding vocational expert testimony is premised on the assertions that in failing to properly credit both the opinion of Dr. Will and plaintiff's testimony, the ALJ improperly ignored various exertional limitations that required evidence from a vocational expert. However, as explained above, the ALJ did not err in his assessment of either Dr. Will's opinion or plaintiff's testimony. Plaintiff's argument regarding the need for vocational expert testimony therefore is unavailing.

## CONCLUSION

Accordingly, the court HEREBY ORDERS that:

1. Plaintiff's motion for summary judgment and/or remand is denied;

/////

/////

/////

/////

/////

11

2. Defendant's cross-motion for summary judgment is granted; and

3. The decision of the Commissioner is affirmed.

DATED: September 15, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\jefferson0657.order.

12